```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


COTTRELL STEWART,              :    Civil Action No. 11-5983 (JBS)

          Petitioner,          :

              v.               :    OPINION

ERIC TAYLOR, et al.,           :

          Respondents.         :
```

**APPEARANCES:**

Petitioner pro se
Cottrell Stewart
Camden County Correctional Facility
P.O. Box 90431
Camden, New Jersey 08102

**SIMANDLE**, District Judge

This matter has come before the Court pursuant to Petitioner's filing of a Petition [1] for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

On November 14, 2011, this Court entered its Notice and Order [2] advising Petitioner of certain consequences of filing such a petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), a copy of which was sent to Petitioner on November 15, 2011, at the address he had provided to this Court, at Camden County Correctional Facility in Camden, New Jersey.

The service copy of the Notice and Order was returned to the Court as undeliverable, with the notations "Return to Sender" and "Not in CCCF," and was received by this Court on December 5, 2011.

It appearing, pursuant to L.Civ.R. 10.1(a), that litigants have an affirmative duty to inform the Court of their street address and to inform the Court of any changes in the same within seven days.  And it further appearing that the Local Civil Rule advises that "[f]ailure to file a notice of address change may result in the imposition of sanctions by the Court";

And it further appearing that Petitioner has failed to comply with this basic requirement;

And it further appearing that any filing which fails to meet the requirements of L.Civ.R. 10.1(a) is subject to being struck by the Clerk;

And it further appearing pursuant to Rule 41(b) of the Federal Rules of Civil Procedure that this Court may dismiss an action for failure to prosecute or for failure to comply with Court rules;

And upon consideration of the factors by which this Court's discretion must be guided, see Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984), as well as the alternatives that are available to this Court;

And this Court concluding that dismissal, without prejudice, is the appropriate sanction for Petitioner's failure to apprise this Court of his current address, as no lesser sanction will suffice, because this Court does not know Petitioner's address and cannot, therefore, communicate with him.  Cf., e.g., George

v. District Attorney of Washington County, 2008 WL 1943428 (W.D. Pa. May 2, 2008); Thornton v. Estep, 209 Fed.Appx. 755, 2006 WL 3705038 (10th Cir. Dec. 18, 2006) (denying certificate of appealability to § 2254 habeas petitioner whose petition was dismissed for failure to prosecute after petitioner failed to inform court of new address); Tinoco v. Runnels, 2008 WL 2641351 (C.D. Cal. June 30, 2008); Colquitt v. Director, 2007 WL 2127244 (E.D. Tex. July 19, 2007); Dansby v. Albany County Corr. Facility Staff, No. 95-cv-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996) ("It is neither feasible nor legally required that the clerks of district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes.") (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted));

This Court finds that this Petition must be dismissed without prejudice for failure to prosecute.  An appropriate Order will be entered.

      **s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated: **December 12, 2011**